UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Reading Eagle Company[1], | Case No. 19-11728-REF |
| Debtor. | (Joint Administration Requested) |
| In re: | Chapter 11 |
| WEEU Broadcasting Company[2], | Case No. 19-11731-REF |
| Debtor. | (Joint Administration Requested) |

**MOTION OF THE DEBTORS FOR AN ORDER DIRECTING
JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES**

The above-captioned debtors-in-possession (the "Debtors" or, individually "Reading Eagle" and "WEEU"), by and through their proposed undersigned counsel, hereby submit this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an Order, in substantially the form attached hereto, directing joint administration of their related chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of Debtor Reading Eagle Company's tax identification number are 3740.

[2] The last four digits of Debtor WEEU Broadcasting Company's tax identification number are 8488.

1

3. The statutory bases for the relief requested herein are section 105 of the Bankruptcy Code and Rule 1015(b) of the Bankruptcy Rules.

## BACKGROUND

4. On March 20, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

6. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Shawn P. Moliatu in Support of Chapter 11 Petitions and Related Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

7. The Debtors seek the entry of an Order providing for the joint administration of these Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases and that the cases be administered under a consolidated caption, as follows:

03/21/2019 SL1 1575817v1 006370.02031

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Reading Eagle Company, *et al.*[1], | Case No. 19-11728-REF |
| Debtors. | (Jointly Administered) |

---

[1] The last four digits of Debtor Reading Eagle Company's tax identification number are 3740. The last four digits of Debtor WEEU Broadcasting Company's tax identification number are 8488.

8. The Debtors also request that a docket entry, substantially similar to the following, be entered on each Debtor's case docket to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the Chapter 11 Cases of Reading Eagle Company and WEEU Broadcasting Company. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 19-11728-REF.

9. The Debtors also request that the Court's Order require that any creditor filing a proof of claim against any of the Debtors, or their respective estates, shall file such proof of claim in the particular bankruptcy case of the Debtor against which such claim is asserted and not in the jointly administered case.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f ... two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

3

11. The relief requested herein is also appropriate pursuant to Section 105(a) of the Bankruptcy Code, which provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Orders directing the joint administration of related cases are routinely entered. *See, e.g.*, *In re KidsPeace Corp.*, Case No. 13-14508 (REF) (Bankr. E.D. Pa. May 23, 2013); *In re Lower Bucks Hosp.*, No. 10-10239 (ELF) (Bankr. E.D. Pa. Jan. 15, 2010); *In re Philadelphia Newspapers, LLC*, No. 09-11204 (JFK) (Bankr. E.D. Pa. Feb. 24, 2009); *In re Leiner Health Prods., Inc.*, No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008); *In re Wickes Holdings, LLC*, No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008); *In re Pope & Talbot, Inc.*, Case No. 07-11738 (CSS) (Bankr. D. Del. Nov. 21, 2007); *In re American Home Mortgage Holdings, Inc.*, Case No. 07-11047 (CSS) (Bankr. D. Del. Aug. 7, 2007); *In re Tweeter Home Entm't Group, Inc.*, Case No. 07-10787 (PJW) (Bankr. D. Del. June 13, 2007).

13. Joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest.

14. Entry of an order directing joint administration of these cases will permit the Debtors to reduce fees and costs in connection with the administration of these cases by avoiding the duplication of efforts associated with, for example: (i) filing multiple duplicative documents in the Debtors' various individual cases, (ii) monitoring each of the Debtors' individual dockets, and (iii) maintaining individual case files for each of the Debtors that will largely duplicate one another. In addition, the ability of parties in interest to monitor these cases will be facilitated by having all pleadings maintained in one docket.

15. Joint administration also will relieve the Court and the Clerk of the burden of entering duplicative orders and maintaining duplicative files. Likewise, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the Eastern District of Pennsylvania will be simplified.

16. Creditors of these bankruptcy estates will not be adversely affected by the joint administration of these Chapter 11 Cases because this Motion requests only administrative, and not substantive, consolidation of the estates. For example, any creditor may still file a claim against a particular Debtor or its estate, intercompany claims among the Debtors will be preserved and the Debtors will maintain separate records of assets and liabilities. Thus, individual creditors will not be harmed by the relief requested. Instead, the creditors will benefit from the cost reductions associated with the joint administration of these cases.

17. Based on the foregoing, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their creditors, equity security holders and all other parties in interest.

18. For the foregoing reasons, the Debtors respectfully request the immediate entry of the attached Order providing for the joint administration of the Chapter 11 Cases.

## **NOTICE**

19. Notice of this Motion has been or will be given to (a) the Office of the United States Trustee for the Eastern District of Pennsylvania; (b) the Commonwealth of Pennsylvania Department of Revenue; (c) all local taxing authorities; (d) the Internal Revenue Service; (e) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed by the Debtors pursuant to Bankruptcy Rule 1007(d); (f) the Federal Communications Commission; (g) the banks in which the Debtors maintain their bank accounts; and (h) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of

papers pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

20. No prior motion for the relief request herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, directing the joint administration of the Debtors' cases and granting such other relief as is just and proper.

Dated:  March 21, 2019             **STEVENS & LEE, P.C.**

By:   /s/ Robert Lapowsky
Robert Lapowsky
Evan Coren
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Telephone: (215) 751-2866
Facsimile: (610) 371-7958
rl@stevenslee.com
ebc@stevenslee.com

*Proposed Attorneys for the Debtors and Debtors in Possession*