UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Reading Eagle Company, *et al.*[1], | Case No. 19-11728-REF |
| Debtors. | (Jointly Administered) |

**MOTION OF THE DEBTORS FOR ORDER AUTHORIZING THE DEBTORS
TO PAY AMOUNTS WITHHELD PREPETITION FROM EMPLOYEE WAGES**

Reading Eagle Company ("Reading Eagle") and WEEU Broadcasting Company ("WEEU," and together with Reading Eagle, the "Debtors"), the debtors-in-possession in the above-captioned chapter 11 cases (the "Cases"), hereby move the Court (the "Motion") for entry of an order, pursuant to sections 105(a) and 541(d) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to pay certain amounts that were withheld prepetition from employee wages but not remitted to their intended recipient (the "Prepetition Withholdings"). In support of the Motion, the Debtors rely upon the concurrently filed *Declaration of Lori Ford-Colon* (the "Wage Withholding Declaration"), which is incorporated herein by reference. In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

1.　The United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.　Pursuant to Rule 9014-2(b)(2) of the Local Rules of Bankruptcy Procedure of the

---

[1] The last four digits of Debtor Reading Eagle Company's tax identification number are 3740. The last four digits of Debtor WEEU Broadcasting Company's tax identification number are 8488.

Eastern District of Pennsylvania (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are sections 105(a) and 541(d) of the Bankruptcy Code.

## BACKGROUND

4. On March 20, 2019 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.

5. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed in these Cases by the Office of the United States Trustee for the Eastern District of Pennsylvania (the "U.S. Trustee").

6. In the ordinary course of business, the Debtors withhold certain amounts from the wages of certain employees (the "Withheld Amounts") and remit those withholdings to cover employee contributions or obligations to: (a) the Reading Parking Authority (the "RPA"); (b) the Communications Workers of America Pension Fund (the "CWA Pension"); (c) the Interlocal Pension Fund (the "Interlocal Pension"); (d) the GCIU Pension Fund (the "GCIU Pension"); and (e) the United Way (the "UW," and together with the RPA, CWA Pension, Interlocal Pension, GCIU Pension and the United Way, the "Withholding Creditors").[2]

7. While the Debtors have continued to withhold the Withheld Amounts without interruption, beginning on or about January 1, 2019, the Debtors ceased remitting funds to the

---

[2] The Debtors also withhold child support payments from the earnings of an independent contractor.

Withholding Creditors.

8. Following the Petition Date, the Debtors resumed remittances to the Withholding Creditors, but did not pay the Withheld Amounts that accrued prepetition (the "Prepetition Withheld Amounts").

9. As set forth in the Wage Withholding Declaration, the Prepetition Withheld Amounts are as follows:

| Creditor | Prepetition Withheld Amount |
|---|---|
| RPA | $10,881 |
| CWA Pension | $4,437 |
| Interlocal Pension | $2,579.17 |
| GCIU Pension | $18,541.50 |
| United Way | $10,817 |
| Child Support | $172.16 |
| **Total** | **$47,427.38** |

10. The Prepetition Withheld Amounts were not segregated and were commingled with the Debtors' general funds. However, at no time during this period, did the balance of the Debtors' general funds fall below $47,427.38.

11. In this context, the Prepetition Withheld Amounts – and particularly the amounts subject to an express trust pursuant to RISA – are likely not property of the Debtors' bankruptcy estates. However, to preserve relationships with employees whose wages were deducted and to preserve estate resources by resolving a potentially costly dispute, the Debtors seek authority to pay the Prepetition Withheld Amounts to the Withholding Creditors.

05/07/2019 SL1 1584450v2 113308.00024

**REQUEST FOR RELIEF**

12.     By this Motion, the Debtors seek an order authorizing the payment of the Prepetition Withheld Amounts to the Withholding Creditors.

**BASIS FOR RELIEF**

13.     Section 541(d) provides in pertinent part as follows:

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest … becomes property of the estate … only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

14.     The Employee Retirement Income Security Act (ERISA) provides that "all assets of an employee benefit plan shall be held in trust...." *In re Lexington Healthcare Grp., Inc.*, 335 B.R. 570, 575 (Bankr. D. Del. 2005) (quoting 29 U.S.C. § 1103(a)).

15.     Bankruptcy courts in this Circuit have held that "employee wages which are withheld for the purpose of contributing to an employee benefit plan are assets of the plan held in trust for the employees from the moment they are withheld." *See, e.g., In re Lenox Healthcare, Inc.*, 343 B.R. 96, 102 (Bankr. D. Del. 2006).

16.     However, where withheld but unremitted funds are commingled with general funds, some nexus to the withheld funds must be established before a trust may be imposed and the question of estate property can be resolved. *Lexington Healthcare*, 335 B.R. at 578-80.

17.     A sufficient nexus may be found, "even if the monies were not segregated, provided that the monies were available in the Debtor's general funds." *Id.* at 576 (quoting In re College Bound, Inc., 172 B.R. 399, 404 (Bankr. S.D. Fla. 1994).

18.     Because the Prepetition Withheld Amounts were at all times material hereto available in Reading Eagle's general funds, a sufficient nexus likely exists and thus such

4

amounts are likely not property of the Debtors' estates under Section 541(d) of the Bankruptcy Code. *See id.*

19. Greater ambiguity surrounds the Prepetition Withheld Amounts which are not subject to an express trust pursuant to ERISA. A trust relationship may arise "when the parties manifest an intention to create a trust." *In re Columbia Gas Systems, Inc.,* 997 F.2d 1039, 1060 (3d Cir.1993), *cert. denied,* 510 U.S. 1110, 114 S.Ct. 1050, 127 L.Ed.2d 372 (1994) (noting that without a definitive document establishing a trust, courts "look to the langue of the parties, their conduct and other circumstances surrounding the transaction" to determine intent).

20. Rather than engage in costly fact-finding and potential litigation regarding the nexus requirement or conduct manifesting intent, which costs would far outpace the Prepetition Withheld Amounts themselves, the Debtors seek authority to pay Prepetition Withheld Amounts to the Withholding Creditors, preserve relationships with the employees, and ultimately preserve estate resources.[3]

## NOTICE

21. Notice of this Motion has been or will be given to (a) the Office of the United States Trustee for the Eastern District of Pennsylvania; (b) the Commonwealth of Pennsylvania Department of Revenue; (c) all local taxing authorities; (d) the Internal Revenue Service; (e) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed by the Debtors pursuant to Bankruptcy Rule 1007(d); (f) the Withholding Creditors or their counsel;  the Federal Communications Commission; (g) the banks in which the Debtors maintain their bank accounts; and (h) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Debtors

---

[3] The Debtors seek this relief in light of the particular factual and legal circumstances surrounding the Prepetition Withheld Amounts without waving their right to contest the alleged imposition of a trust, or any allegation that these or other funds are not are property of the Debtors' estates under Section 541(d) of the Bankruptcy Code.

submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing, the Debtors to pay the Prepetition Withheld Amounts to the Withholding Creditors and granting related relief.

Dated: May 7, 2019

**STEVENS & LEE, P.C.**

By: /s/ Robert Lapowsky
Robert Lapowsky
Evan Coren
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Telephone: (215) 751-2866
Facsimile: (610) 371-7958
rl@stevenslee.com
ebc@stevenslee.com

*Proposed Attorneys for the Debtors and Debtors in Possession*