# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RE Liquidation Corp., *et al.*,[1] | : | Case No. 19-11728-JKF |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |

### RESPONSE OF DIRKS, VAN ESSEN, MURRAY & APRIL
### TO LIMITED OBJECTION OF BWH MEDIA, LLC TO FIRST AND FINAL
### APPLICATION FOR COMPENSATION FOR SERVICES RENDERED AND
### REIMBURSEMENT OF EXPENSE(S) AS FINANCIAL ADVISOR TO THE DEBTORS

Dirks, Van Essen, Murray & April ("DVMA"), by and through the undersigned counsel, hereby submits this Response to the Limited Objection filed by BWH Media, LLC ("BWH") to the First and Final Application of DVMA for Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Debtors (the "DVMA Application for Compensation"). DVMA states as follows:

1. Reading Eagle Company and WEEU Broadcasting Company (the "Debtors") filed voluntary petitions seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on March 20, 2019 (the "Petition Date").

2. Prior to the Petition Date, the Debtors retained DVMA to provide financial advisory services, pursuant to the terms and conditions set forth in our Engagement Letter dated December 4, 2018.

---

[1] The last four digits of Debtor Reading Eagle Company's tax identification number are 3740. The last four digits of Debtor WEEU Broadcasting Company's tax identification number are 8488.

3. On April 12, 2019, the Debtors filed an Application seeking approval of the engagement of DVMA as financial advisor *nunc pro tunc* to the Petition Date (the "Retention Application"), pursuant to the terms and conditions set forth in the Engagement Letter.

4. This Engagement Letter was filed as an Exhibit to the Retention Application, and all parties in interest had notice of the terms thereof.

5. By Order dated May 8, 2019 (the "Retention Order"), the Court authorized the engagement of DVMA, as financial advisor to the Debtors, *nunc pro tunc* to the Petition Date, "on the terms set forth in the Engagement Letter. . .," except as modified by the Retention Order.

6. The Engagement Letter provides for compensation to DVMA as a success fee to be "paid at the time of closing. . ." on the sale of the Debtors' assets

7. The Retention Order provides that DVMA is to file application for payment of fees, in accordance with Sections 330 and 331 of the Bankruptcy Code, but does not alter the parties' expectation that the fees of DVMA were to be paid at closing from the proceeds of sale.

8. DVMA and, on information and belief, the Debtors and the BWH all understood that DVMA was to be paid out of the proceeds of sale.

9. Payment of a financial advisor from the proceeds of sale for services related to the sale of a debtor's assets is ordinary and customary in the industry.

10. As a result of the services rendered by DVMA, the Debtors sold certain Reading Eagle Company assets to MNG-RE Acquisition LLC for a purchase price of $5,000,000, and certain WEEU Broadcasting Company assets to Twilight Broadcasting, Inc. for $88,500.

11. On July 12, 2019, DVMA filed a First and Final Fee Application seeking payment of $175,000 as compensation for services rendered in connection with the sale of the Debtors' assets, plus $19,860 as reimbursement for associated expenses, for a total of $194,860.

12. On information and belief, the Debtors support the award and payment of the DVMA fees.

13. Peter D. Barbey, the Debtors' President and Chief Executive Officer, has filed a Declaration acknowledging that the DVMA success fee was to be paid from the "proceeds of sale as a cost of sale and without regard to the sufficiency of such proceeds to pay any other claims." [Doc. No. 376]. Mr. Barbey is also the principal of BWH.

14. No party has objected to the entitlement or amount of compensation requested by DVMA.

15. While Resolute FP US Inc. did file a Limited Objection [Doc. No. 317] based upon the timing of payment to DVMA, that Objection has been withdrawn. [Doc. No. 373.

16. While BWH has filed a Limited Objection to the DVMA Application [Doc. No. 354], that Objection merely incorporates the Limited Objection of Resolute FP US Inc., which has now been withdrawn.

17. The fees and expenses of DVMA are to be paid from the proceeds of sale. In no event is the potential administrative solvency of the Debtors' estates relevant to the timing or amount to be paid to DVMA for its professional services in connection with the sale of the Debtors' assets.

WHEREFORE, DVMA requests that the Court:

(a) award $175,000 to DVMA as compensation for its services to the Debtors;

      (b)      award $19,860 as reimbursement of expenses to DVMA;

      (c)      direct the Debtors to make immediate payment of $194,860 to DVMA from the proceeds of sale of the Debtors' assets; and

      (d)      grant such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ Nicholas J. LePore, III
      Nicholas J. LePore, III (32196)
      1600 Market Street, Suite 3600
      Philadelphia, PA 19103
      (215) 751-2000 (telephone)
      (215) 751-2205 (facsimile)
      nlepore@schnader.com

Dated: September 13, 2019