IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RE Liquidation Corp., *et al.*,[1] | ) | Case No. 19-11728 (PMM) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Hearing Date: April 14, 2020 at 11:00 a.m. (ET)** |
| | ) | **Obj. Deadline: April 7, 2020 at 5:00 p.m. (ET)** |

## STIPULATION AND ORDER RESOLVING ADMINISTRATIVE CLAIMS FILED BY PENSION BENEFIT GUARANTY CORPORATION

This Stipulation, effective on the date so ordered, is between RE Liquidation Corporation (f/k/a Reading Eagle Company) (**"Reading Eagle"**), Radio Liquidation Corporation (f/k/a WEEU Broadcasting, Inc.) (**"WEEU"**) and the Pension Benefit Guaranty Corporation (**"PBGC"**), an agency of the United States Government and an unsecured creditor in the above-captioned case.

### WITNESSETH:

1. On March 20, 2019 (the "Petition Date"), Debtors each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. No trustee or examiner has been appointed in Debtors' cases. An Official Committee of the Unsecured Creditors was appointed on May 25, 2019.

---

[1] The last four digits of Debtor RE Liquidation Corporation's tax identification number are 3740. The last four digits of Debtor Radio Liquidation Corporation's tax identification number are 8488.

1

3. Debtors sold substantially all of their assets in section 363 sales by May 31, 2019.

4. On June 10, 2019, PBGC filed the following proofs of claim against the Reading Eagle:

a. Claim No. 65, a claim for minimum funding contributions due the Retirement Plan for Non-Salaried Employees of Reading Eagle Co. ("Pension Plan") in the amount of $118,081 under 26 U.S.C. §§ 412 and 430 and 29 U.S.C. § 1082, of which PBGC asserted that $7,120 is entitled to administrative priority under 11 U.S.C. § 507(a)(2), $13,084 is entitled to priority under 11 U.S.C. § 507(a)(5), and $97,877 is a general unsecured claim;

b. Claim No. 66, a claim for the Pension Plan's unfunded benefit liabilities in the estimated amount of $1,389,102 under 29 U.S.C. §§ 1362 and 1368, of which PBGC asserted that unliquidated amounts are entitled to administrative priority under 11 U.S.C. § 507(a)(2) and tax priority under 11 U.S.C. § 507(a)(8), with the remainder being a general unsecured claim; and

c. Claim No. 67, an unliquidated claim for premiums due PBGC with respect to the Pension Plan under 29 U.S.C. §§ 1306 and 1307, of which PBGC asserted that unliquidated amounts are entitled to administrative priority under 11 U.S.C. § 507(a)(2) and tax priority under 11 U.S.C. § 507(a)(8), with the remainder being a general unsecured claim.

5. On June 10, 2019, PBGC filed the following proofs of claim against WEEU:

a. Claim No. 4, a claim for the Pension Plan's unfunded benefit liabilities in the estimated amount of $1,389,102 under 29 U.S.C. §§ 1362 and 1368, of which PBGC asserted that unliquidated amounts are entitled to administrative priority under 11 U.S.C. § 507(a)(2) and tax priority under 11 U.S.C. § 507(a)(8), with the remainder being a general unsecured claim;

  b. Claim No. 5, a claim for minimum funding contributions due the Pension Plan in the amount of $118,081 under 26 U.S.C. §§ 412 and 430 and 29 U.S.C. § 1082, of which PBGC asserted that $7,120 is entitled to administrative priority under 11 U.S.C. § 507(a)(2) and $110,961 is a general unsecured claim; and

  c. Claim No. 6, an unliquidated claim for premiums due PBGC with respect to the Pension Plan under 29 U.S.C. §§ 1306 and 1307, of which PBGC asserted that unliquidated amounts are entitled to administrative priority under 11 U.S.C. § 507(a)(2) and tax priority under 11 U.S.C. § 507(a)(8), with the remainder being a general unsecured claim.

  6. On October 10, 2019, PBGC filed administrative proofs of claim No. 102 and 104 against the Reading Eagle and WEEU, respectively, in the amount of $7,120 for the portion of its claim for minimum funding contributions due the Pension Plan that it asserted is entitled to administrative priority under 11 U.S.C. § 507(a)(2).[2]

  7. On March 13, 2020, Debtors filed their Omnibus Objection to Claims (Substantive Objection: Reclassification, and/or Reduction and/or Disallowance of Alleged Administrative Claims) (Dkt. No. 448) (**"Administrative Claims Objection"**).

  8. On March 20, 2020, Debtors refiled the Administrative Claims Objection.

  9. In paragraph 32 of the Administrative Claims Objection, Debtors objected that the administrative priority portions of Claim Nos. 5, 65, 102, and 104 are duplicative, and that the assertions of administrative priority in Claim Nos. 4, 6, 66, and 67 should be disallowed.

---

[2] Although PBGC filed the administrative proofs of claim as separate claims against each of the Debtors, it is not clear from the Claims Agent's online record which administrative proof of claim is against the Reading Eagle and which is against WEEU.

10. The parties agree that PBGC has a single administrative priority claim for minimum funding contributions due the Pension Plan in the amount of $7,120 for which the Reading Eagle and WEEU are jointly and severally liable.

NOW, THEREFORE, the parties stipulate and agree as follows:

1. PBGC shall have a single allowed administrative priority claim for minimum funding contributions due the Pension Plan in the amount of $7,120 against the Debtors jointly and severally, in satisfaction of the administrative priority claims asserted in Claim Nos. 5, 65, 102, and 104.

2. All other administrative claim assertions by the PBGC, including the administrative priority assertions contained in Claim Nos. 4, 6, 66, and 67, are deemed withdrawn.

3. The parties reserve all rights with respect to the priority and general unsecured claims asserted by PBGC in Claims 65 through 67 against the Reading Eagle and Claims 4 through 6 against WEEU.

DATED: April 10, 2020
Washington, D.C.

**PENSION BENEFIT GUARANTY CORPORATION**

By: /s/Ralph L. Landy
C. PAUL CHALMERS
Acting General Counsel
KARTAR KHALSA
Deputy General Counsel
C. WAYNE OWEN, JR.
Assistant General Counsel
RALPH L. LANDY (PA Bar No. 41384)
Attorney
PENSION BENEFIT GUARANTY CORPORATION
Office of the General Counsel
1200 K Street, N.W., Suite 340

Washington, D.C. 20005-4026
Tel: (202) 326-4020, ext. 3090
Fax: (202) 326-4112
E-mail: landy.ralph@pbgc.gov

Attorneys for Pension Benefit Guaranty Corporation

Dated April 10, 2020             **RE LIQUIDATION CORPORATION AND**
King of Prussia, PA              **RADIO LIQUIDATION CORPORATION**


By: /s/*Robert Lapowsky*
JOHN C. KILGANNON
ROBERT LAPOWSKY
ANDREAS MILLIARESIS (admitted *pro hac vice*)
Stevens & Lee, P.C.
620 Freedom Business Center, Suite 200
King of Prussia, Pennsylvania 19406
Tel:  (215) 751-2866
Fax:  (610) 371-7958
E-mail:  rl@stevenslee.com; adm@stevenslee.com

Attorneys for Debtors
RE Liquidation Corporation and Radio Liquidation Corporation


SO ORDERED, at Reading, Pennsylvania, this 15th day of April, 2020.

_____
PATRICIA M. MAYER
United States Bankruptcy Judge