UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| RE Liquidation Corp, *et al.*[1], | Case No. 19-11728-PMM |
| Debtors. | **Objection Deadline: June 9, 2020, at 5:00 p.m. (ET)** <br> **Hearing Date: June 16, 2020, at 11:00 a.m. (ET)** |

## MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING AND APPROVING A SETTLEMENT WITH ANNIE GREENE AND LIBERTY MUTUAL

Debtors, RE Liquidation Corp, formerly, Reading Eagle Company, ("REC") and Radio Liquidation Corp., formerly WEEU Broadcasting Company ("WEEU"), debtors and debtors-in-possession (the "Debtors"), hereby move this Court (the "Motion") for entry of an order in the form as annexed hereto (the "Proposed Order"), authorizing and approving a settlement (the "Settlement") between the REC, Annie Greene (the "Claimant") and Liberty Mutual Fire Insurance Company ("Liberty" and, together with the Debtor and the Claimant, the "Parties"). In support of this Motion, the Debtors respectfully state:

### JURISDICTION

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The last four digits of Debtor RE Liquidation Corp's tax identification number are 3740. The last four digits of Debtor Radio Liquidation Corp's tax identification number are 8488.

## BACKGROUND

3. On March 20, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On August 11, 2018 the Claimant was allegedly injured in an automobile accident at the intersection of Route 422 Benjamin Franklin Highway at Monocacy Creek Road, Berks County, Amity Township, PA involving a vehicle owned and insured by REC.

6. The vehicle owned and insured by REC was covered by Liberty under Policy No. AS2-Z31-498702-058-92/5 (the "Policy").

7. The Claimant has negotiated with Liberty to settle and resolve this matter in lieu of filing any enforcement proceedings. Liberty investigated the matter and determined that the matter should be settled for an amount not to exceed the Policy limits.

## THE SETTLEMENT

8. REC has entered into the Settlement pursuant to which, if approved by the Court, the Claimant will release any and all claims against REC in exchange for payment solely out of the proceeds of the Policy. Annexed hereto as Exhibit A is the proposed stipulation and consent order (the "Stipulation and Consent Order") and Exhibit B is a copy of the release to be signed be executed by the claimant and delivered to the Debtors upon court approval of the Settlement (the "Release").

9. The Debtors have concluded, in an exercise of their business judgment that entry into the Settlement is clearly in their best interests as it does not require any contribution from the Debtors' estates, other than the coverage amounts available under the Policy.

2

**RELIEF REQUESTED**

10.     By this Motion, the Debtors request that the Court enter an order, pursuant to § 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, authorizing and approving the Settlement.  The Parties have weighed the costs and risks associated with failing to enter into the Settlement against the compromises contained within the Settlement and have concluded that it is in their respective best interests to compromise and settle the matters pursuant to the terms of the Settlement.

**BASIS FOR RELIEF**

11.     "To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (citing 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed.1993)).  Bankruptcy Rule 9019 provides, in relevant part, that "on motion by the trustee and after a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).  "[A] chapter 11 debtor in possession has the almost all the same powers and duties as a bankruptcy trustee" and courts have extended Bankruptcy Rule 9019 to debtors in possession. *In re Nationwide Sports Distributors, Inc.*, 227 B.R. 455, 459 (Bankr. E.D. Pa. 1998) (citing 11 U.S.C. § 1107(a)).

12.     The Third Circuit has identified four factors to be considered in approving a settlement pursuant to Bankruptcy Rule 9019(a).  Those factors are "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Nat'l Org. For Children, Inc.,* 2007 WL 1577753, at *6 (Bankr. E.D. Pa. May 31, 2007) (citing 91 F.3d at 393; *accord, In re Nutraquest, Inc.*, 434

3

F.3d 639, 644 –645 (3d Cir.2006) (holding that the *Martin* factors apply to settlement of both affirmative claims held by the estate and claims brought against the estate)).

13. The Settlement is the product of arm's-length negotiations between the Parties. The Debtors relied on the analysis and investigation conducted by Liberty of the factual and legal matters involved and determined that the Settlement is in the best interest of the Debtors' estates and creditors. Importantly, the Settlement does not require any admission of liability by the Debtors, does not affect the rights of any other potential claimants under the Policy and will not be paid out of estate assets.

14. In light of the above, the Debtors believe the Settlement is fair, equitable, and in the best interests of the Debtors' estates and creditors, represents an exercise of sound business judgment, and should be approved pursuant to § 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## **NOTICE**

15. Notice of this Motion will be given to: (i) Office of The United States Trustee, 833 Chestnut Street, Suite 500, Philadelphia, PA 19107 (Attn: David Adams); (ii) counsel for Black Walnut Holdings, Kozloff Stoudt, 2640 Westview Drive, Wyomissing, Pa 19610 (Attn: Barry Sawtelle & Jestyn Payne); and (iii) all parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order authorizing and approving the Settlement pursuant to Bankruptcy Rule 9019 and granting such other and further relief as is just and proper.

Dated: May 26, 2020  STEVENS & LEE, P.C.

*/s/John C. Kilgannon*
John C. Kilgannon
Robert Lapowsky
Andreas Milliaressis (admitted pro hac vice)
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Telephone: (215) 751-2866
Facsimile: (610) 371-7958
rl@stevenslee.com
adm@stevenslee.com

*Attorneys for the Debtors and*

*Debtors in Possession*

5